# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

## No. 17-4716

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

HAROLD K. ALLEY, JR.,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:17-mj-01102-BO-1)

_____

Submitted:  June 18, 2018                         Decided:  July 18, 2018

_____

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Elisa C. Salmon, SALMON LAW FIRM, LLP, Lillington, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold K. Alley, Jr., appeals the district court's order finding he is suffering from a mental disease or defect rendering him incompetent to understand the nature and consequences of the proceedings against him or to properly assist in his defense, and ordering that he be committed to the custody of the Attorney General under 18 U.S.C. § 4241(d)(2) (2012). On appeal, Alley's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal but raising the issue of whether the district court clearly erred in finding that he is not competent to stand trial. Alley has filed a pro se supplemental brief arguing that he is not suffering from a mental disease or defect that renders him incompetent.[*] We affirm.

"Title 18, United States Code, Section 4241(a) provides that the district court shall conduct a competency hearing and/or order the defendant to undergo a psychiatric evaluation 'if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent.'" *United States v. Bernard*, 708 F.3d 583, 592 (4th Cir. 2013) (quoting 18 U.S.C. § 4241(a) (2012)). "The test for determining competency in a federal court is whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as a factual understanding

---

[*] To the extent Alley's pro se brief seeks to challenge other aspects of his case, we lack jurisdiction to consider these claims because they do not stem from a final order, 28 U.S.C. § 1291 (2012), or an appealable interlocutory or collateral order, 28 U.S.C. § 1292 (2012); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949).

2

of the proceedings against him.'" United States v. *Basham*, 789 F.3d 358, 379 (4th Cir. 2015) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)).

"If, after the [competency] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d) (2012). We review a district court's competency determination for clear error. *See Basham*, 789 F.3d at 379-80; *United States v. Robinson*, 404 F.3d 850, 856 (4th Cir. 2005). "Ultimately, because district courts are in the best position to make competency determinations, which at bottom rely not only on a defendant's behavioral history and relevant medical opinions, but also on the district court's first-hand interactions with, and observations of, the defendant and the attorneys at bar, we appropriately afford them wide latitude." *Bernard*, 708 F.3d at 592 (citations omitted).

We have reviewed the record and conclude that the district court did not clearly err in finding Alley presently incompetent to stand trial. Moreover, we have reviewed the record in accordance with *Anders* and have found no meritorious issues for appeal.

Accordingly, we affirm the district court's order. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

3

was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*